ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| PROPIETARIOS PASEOS DE AGUADILLA, INC.<br><br>Peticionarios<br><br>v.<br><br>EDGARDO VARGAS SANTIAGO<br><br>Recurrido | KLCE202301155 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2021CV00539<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el juez Rodríguez Casillas, el juez Salgado Schwarz y el juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de enero de 2024.

Comparece ante nos la entidad, Propietarios Paseos de Aguadilla, Inc., (Paseos de Aguadilla o peticionario) para que revoquemos una Orden emitida el 3 de septiembre de 2023 y notificada el 13 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Municipal de Aguadilla (TPI o foro primario), que declaró No Ha Lugar una Solicitud de Relevo de Sentencia.

Examinada la naturaleza del recurso, lo acogemos como *certiorari*. Recibido el alegato de la parte recurrida y luego de examinar el recurso presentado, se expide el auto de *certiorari* solicitado y se confirma la Resolución recurrida.

**-I-**

Según surge del expediente, Paseos de Aguadilla es una asociación compuesta por los residentes de la Urbanización Paseos de Aguadilla. El 13 de febrero de 2023, presentó una demanda contra el señor Edgardo Ramón Vargas Santiago (señor Vargas Santiago o el recurrido) por cobro de dinero bajo el proceso de

sumario al amparo de la Regla 60 de las de Procedimiento Civil. Alegó que el recurrido era dueño de la casa No. 1 en la Urbanización Paseos de Aguadilla, y como parte de la compra del bien inmueble, se obligó a satisfacer una cuota de mantenimiento a razón de $110.00 mensuales con un recargo por pago tardío de $10.00. Adujo que el señor Vargas Santiago había incumplido con los pagos de la cuota de mantenimiento y que, al mes de diciembre de 2020, adeudaba una suma líquida y exigible ascendente a $13,015.00.

Luego de varios tramites procesales relacionados a la incomparecencia del señor Vargas Santiago,[1] el TPI celebró vista en su fondo el **23 de noviembre de 2022**. En la vista, declaró el señor Héctor Rodríguez Babilonia (señor Rodríguez Babilonia), tesorero de la Junta de Directores de la Asociación de Titulares en Paseos de Aguadilla. Por medio de su testimonio, se autenticó y se admitió como evidencia un documento intitulado *Certificación de Balance de Cuota de Mantenimiento* para el mes de noviembre del año 2022. En ese entonces, el balance adeudado ascendía a $15,785.00. Culminado el desfile de prueba de la parte peticionaria, el caso fue sometido.

Por su parte, el señor Vargas Santiago solicitó y argumentó la desestimación de la demanda por insuficiencia de la prueba. En apretada síntesis, el recurrido argumentó que Paseos de Aguadilla no probó dos elementos esenciales de su reclamación. Primeramente, como ente corporativo, no le acreditó al foro primario tener legitimación activa ni estar en *good standing* para incoar una reclamación sobre cobro de dinero. Segundo, no demostró la existencia de un vínculo obligacional o contractual entre la parte

---

[1] El 3 de mayo de 2022, las partes fueron citadas para una vista el 1 de junio de 2022; no obstante, el 31 de mayo de 2023 el señor Vargas Santiago compareció a través de su representante legal y solicitó mediante moción que la vista fuera por videoconferencia. Llegado el 1 de junio de 2022, el TPI tuvo que reseñalar la vista para el 29 de junio de 2022, ya que no había atendido la moción radicada por el señor Vargas Santiago. El recurrido no compareció a dicha vista debido a que se encontraba recibiendo tratamiento médico.

peticionaria y el recurrido que acreditara la legalidad o exigibilidad de la obligación reclamada.

El **25 de mayo de 2023** el TPI emitió una Sentencia que fue notificada el **31 de mayo de 2023**. Allí, declaró *no ha lugar* la demanda de cobro de dinero por insuficiencia de la prueba. En específico, hizo las siguientes determinaciones de hechos:

1. *El señor Héctor Rodríguez Babilonia, testigo de la parte demandante, expresó que es titular de la residencia número 16 de la Urbanización Paseos de Aguadilla y que, al momento de la vista, fungía como el tesorero de la Junta de Directores de la Asociación de Titulares. Expresó además que entre sus funciones estaba trabajar con las finanzas, con la buena administración de la urbanización y que dentro de los informes que preparan, hay un informe mensual que el mismo notifica a los titulares por correo electrónico, a partir del día 11 de cada mes, donde les informa el balance de sus cuotas de mantenimiento.*

2. *Sobre el origen de la obligación de los titulares al pago de la cuota de mantenimiento, el testigo no fue claro, ni preciso. Por un lado expreso que la cuota estaba desde el inicio de la urbanización; luego testificó que la cuota se impuso en la Primera Junta de Titulares y luego que la cuota se impuso en el primer reglamento. Expresó que es una cuota de $110 dólares mensuales, pagaderos del 1-10 de cada mes; que luego del día 10 de mes se impone un recargo por cuota tardía de $10 dólares adicionales.*

3. *En relación al cómputo, a la corrección o certeza de la deuda reclamada en este caso, el testigo declaró que la deuda surge de todos los récords de la demandante que indican que el titular de la residencia número 1 dejó de pagar desde enero de 2012, por lo que les adeuda 10 años y 11 meses.*

4. *En cuanto a este testimonio, se admitió en evidencia como Exhibit 1 con la objeción de la demandada. Es un documento intitulado Certificación de Balance de Cuota de Mantenimiento, residencia #1 - Urb. Paseos de Aguadilla. La certificación la preparó y firmó el propio testigo y el señor Orlando Rosa, quien es el presidente, indicando que es una certificación del balance de cuota al 30 de noviembre de 2022, de la cual surge que la cuota cubre el mantenimiento de áreas comunes como lo son el portón eléctrico, piscina y recogido de basura.*

5. *El testigo no supo contestar quién era el dueño de la residencia número 1, sino hasta que el abogado le produce el nombre de la parte demandada.*

6. *El testigo declara que tiene un registro de titulares.*

7. *El testigo declara que el demandado adquirió la propiedad cuando se hizo la Urbanización.*

8. *El testigo reclama que la deuda al 30 de noviembre de 2022 por concepto de pagos mensuales y recargos es de $15,785.00 y que estaba reclamando en total la cantidad de $20,520.50, que incluye otra penalidad según el Art. 30 del reglamento. Esto produce objeción de la parte demandada, pues ello no fue ni alegado, ni reclamado en la demanda.*

El TPI razonó que Paseos de Aguadilla no presentó prueba alguna que acreditara que la corporación vecinal se creó en cumplimiento con la Ley General de Corporaciones,[2] como una corporación sin fines de lucro y/o en cumplimiento con la Ley de Control de Acceso. Tampoco ofreció documento alguno que evidenciara la existencia del alegado vínculo contractual entre Paseos de Aguadilla y el señor Vargas Santiago. Además, el testimonio del señor Rodríguez Babilonia fue contradictorio, pues ofreció tres eventos distintos en los que se impuso la cuota de mantenimiento, mas no pudo establecer las fechas en las que ocurrieron. Añadió que, contrario a lo alegado por la parte peticionaria en su demanda, no logró probar que la obligación de contractual surgía del contrato de compraventa del inmueble.

La Sentencia antes dicha, advino final y firme. No obstante, el **28 de julio de 2023** la parte peticionaria presentó una *Moción al amparo de la Regla 49.2 de las de Procedimiento Civil (Relevo de Sentencia)*.[3] En síntesis, alegó que aun cuando el señor Vargas Santiago sabía que los intereses de su ex esposa y cotitular, señora Santiago González se verían afectados por la demanda en cobro de dinero, este no lo divulgó al tribunal. Esto, a pesar de que la señora Santiago González era parte indispensable sin la cual no se podía disponer de la controversia. Indicó que advino en conocimiento de este hecho cuando examinó la Escritura Pública Núm. 290 de compraventa del inmueble en cuestión, otorgada ante el notario Miguel A. Román Villanueva. Por ello, solicitó que se le relevara de la *Sentencia* por ser nula y por representar una violación al debido proceso de ley, ya que privó a la señora Santiago González de ser notificada y la oportunidad de ser oída.

---

[2] Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, 14 LPRA secc. 3501 *et seq.*
[3] Véase, Apéndice de los Peticionarios, págs. 10-15.

Oportunamente, el señor Vargas Santiago compareció mediante *Oposición a Moción Solicitando Relevo de Sentencia Bajo la Regla 49.2 y Solicitud de Honorarios por Temeridad.*[4] En síntesis, arguyó que Paseos de Aguadilla carecía de legitimación activa y que los intereses de la señora Santiago González no se vieron afectados, puesto que el TPI desestimó la demanda por cobro de dinero. Razonó que —si el foro primario le hubiese impuesto responsabilidad pecuniaria a la señora Santiago González— entonces sería nula la sentencia, pues ella no figuró como parte en el pleito. Por ello, solicitó que se declarara *no ha lugar* la moción de relevo de sentencia y se le impusiera a la peticionaria el pago de $1,000.00 por conceptos de honorarios de abogados.

El **3 de septiembre de 2023**, el TPI emitió *Orden* en la que declaró *no ha lugar* la moción de relevo de sentencia y la solicitud de imposición de honorarios de abogados.[5]

Inconforme, el **13 de octubre de 2023** la parte peticionaria comparece ante nos y señaló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Aguadilla al haber declarado no ha lugar una Moción en Solicitud de Relevo de Sentencia Nula por falta de parte indispensable dictada en violación al debido proceso de ley.

El **9 de noviembre de 2023**, el recurrido presentó *Memorando en Oposición a Solicitud para que se Expida Certiorari.* Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

**-II-**

Como bien se ha señalado el auto de *certiorari* constituye un medio procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal de

---

[4] Véase, Apéndice de los Peticionarios, págs. 94-98.
[5] Notificada el 13 de septiembre de 2023.

menor rango.[6] Con el fin de que podamos ejercer nuestra facultad discrecional sabiamente, la Regla 40 del Reglamento del Tribunal de Apelaciones,[7]establece los siguientes criterios para determinar la procedencia de la expedición de este recurso: siguiente:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*
>
> a)    *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> b)    *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> c)    *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> d)    *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> e)    *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> f)    *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> g)    *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

La Regla 49.2 de Procedimiento Civil,[8] establece el mecanismo procesal que se tiene disponible para solicitar al TPI el relevo de los efectos de una sentencia. En ese sentido la referida Regla 49.2, dispone lo siguiente:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*
>
> a)    *error, inadvertencia, sorpresa o negligencia excusable;*
> b)    *descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
> c)    *fraude (incluso el que hasta ahora se ha denominado —intrínseco y el también llamado —extrínseco), falsa representación u otra conducta impropia de una parte adversa;*
> d)    *nulidad de la sentencia;*
> e)    *la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se*

---

[6] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[7] 4 LPRA Ap. XXII-B, R. 40.

[8] 32 LPRA Ap. V, R. 49.2.

> *fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
>
> f)      *cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[9]*

Cabe resaltar que constituye una decisión discrecional el relevar a una parte de los efectos de una sentencia, **salvo** en los casos de nulidad o cuando la sentencia ha sido satisfecha.[10]

Por otra parte, nuestra jurisprudencia ha establecido como norma procesal reiterada que la Regla 49.2*, supra,* **no puede utilizarse para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación.**[11]

### -III-

En síntesis, la parte peticionaria arguye que el TPI erró al declarar *no ha lugar* su solicitud de relevo de sentencia, puesto que la Sentencia recurrida es nula por falta de parte indispensable. No tiene razón.

De entrada, la *Sentencia* de epígrafe advino final y firme, por lo que no tiene efecto sobre ninguna persona relacionada a la parte recurrida. En la *Sentencia* en cuestión, el TPI no encontró probado que el señor Vargas Santiago hubiese contraído una obligación contractual con Paseos de Aguadilla, por lo que desestimó la demanda en cobro de dinero por cuota de mantenimiento adeudada. Por otro lado, la alegación de falta de parte indispensable que en la moción de relevo de sentencia presenta la peticionaria, se basa en que al examinar la escritura pública otorgada el 10 de diciembre de 2019 sobre la compraventa de la propiedad inmueble, descubrió que la señora Santiago González y el señor Vargas Santiago compraron la misma bajo la Sociedad Legal de Gananciales. A todas luces, la parte peticionaria pudo haber descubierto esa información con un

---

[9] 32 LPRA Ap. V, R. 49.2.
[10] *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 - 540 (2010).
[11] *Id.,* pág. 541.

mínimo de diligencia; razón por la cual, pretende utilizar como subterfugio la Regla 49.2 de Procedimiento Civil, *supra*, para re litigar una *Sentencia* final y firme.

En virtud de lo anterior, la moción de relevo de sentencia presentada por la parte peticionaria no cumple con los criterios establecidos en la mencionada Regla 49.2 de Procedimiento Civil, y de igual forma, no hallamos criterio alguno bajo la referida Regla 40 de nuestro Reglamento para variar la Resolución recurrida de No Ha Lugar al relevo de sentencia.

**-IV-**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y confirmamos la Resolución recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones